## APPEAL OF MOORE INVESTMENT CO.

Docket No. 742.    Submitted July 8, 1925.    Decided September 9, 1925.

Section 234 (a) (8) of the Revenue Act of 1918 was intended to afford relief only to manufacturers or producers who constructed or acquired additional facilities for war-time purposes and not to taxpayers who acquired buildings for rental or investment purposes.

*Eric Lyders, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

TRAMMELL: This is an appeal from the determination of a deficiency in income and profits taxes for 1919 in the amount of $64,758.27. The deficiency arises on account of the disallowance by the Commissioner of the taxpayer's claim for amortization.

The Commissioner was granted leave to withdraw his answer in the appeal and to substitute a motion to dismiss the taxpayer's petition on the ground that it failed to set forth any cause of action. No testimony was introduced and the facts set forth in the petition are considered as having been admitted by the Commissioner for the purpose of the motion.

The Moore Shipbuilding Co., a California corporation, had contracts with the United States Emergency Fleet Corporation and with the United States Shipping Board for the construction of wartime vessels. For the better prosecution of this work under its war contracts it needed a machine shop. The Moore Investment Co., the taxpayer corporation, had land suitable for the erection of such a shop and entered into an agreement with the Moore Shipbuilding Co. whereby it agreed to build such machine shop as might fulfill the needs of the shipbuilding company upon the agreement of the shipbuilding company to lease the premises for a term of years. The taxpayer was a small corporation of limited resources. The shipbuilding company agreed to pay the rental in advance for the term of the lease. Out of the money which was received by the taxpayer by way of advancement it constructed and equipped a building according to specifications of the shipbuilding company. The

Moore Shipbuilding Co. took possession of the premises under its lease and used the building so constructed for the production of vessels for the transportation of articles or men contributing to the prosecution of the war with the German Government.

The motion of the Commissioner to dismiss raises directly the question whether the Moore Investment Co., which was not itself engaged in the production of articles contributing to the prosecution of the war, or in the construction or acquisition of vessels for the transportation of articles or men contributing to the prosecution of war, is entitled to the amortization deduction provided in the statute.

The Commissioner takes the position that, in order that a taxpayer may come within the provisions of the amortization section (234(a) (8) of the Revenue Act of 1918), it must have acquired or erected buildings or equipment for the purpose of producing articles contributing to the prosecution of the war, and that such section does not provide relief for those taxpayers who constructed or acquired buildings or equipment for the purpose of renting or leasing the same to others who were engaged in the business of manufacturing or producing articles contributing to the prosecution of the war.

A careful consideration of the legislative history of section 234 (a) (8) of the 1918 Act and its purpose leads us to the conclusion that the position of the Commissioner is correct. The purpose of that provision was to afford relief to manufacturers and producers of articles which contributed to the successful prosecution of the war. In many instances manufacturers found themselves in a position where additional plant facilities were needed for the production of war materials or articles which contributed to the prosecution of the war. They were encouraged and in many instances requested by governmental departments and agencies to enlarge their plant facilities for such purposes when it was known that after the war they would have no need for or would require the additional facilities only to a limited extent for the purposes of their peace-time business. The amortization provision appeared in the Revenue Act of 1918, which was passed shortly after the Armistice, and clearly had for its purpose the carrying into effect promises made by governmental officials and governmental agencies to afford relief to those manufacturers who so expanded their plant facilities beyond their peace-time needs. It seems clear to the Board that Congress did not have in mind affording any relief by the amortization section to those taxpayers who did not produce or manufacture articles contributing to the prosecution of the war, but who erected or acquired buildings for the purpose of investment or for the purpose of renting to manufacturers who were engaged in the production of articles contributing to the prosecution of the war. The purpose of the

taxpayer in erecting the building in question was not to produce articles contributing to the prosecution of the war, but to rent it to a concern which was engaged in manufacturing or producing such articles. In other words, it was an investment proposition. It was intended by the amortization section to afford relief only to manufacturers or producers who, themselves, erected, constructed, or acquired such additional facilities as were required for war-time purposes.

The motion of the Commissioner to dismiss the petition for failure to set forth any grounds of relief is hereby granted and the petition is dismissed.

ARUNDELL not participating.